PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL K. SIMMONS | CASE NO. 1:08 CV 1166 |
| Petitioner, | |
| | JUDGE LIOI |
| | MAGISTRATE JUDGE PEARSON |
| v. | |
| RICH GANSHEIMER, Warden, | |
| | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

### Introduction

Before the Court[1] is Petitioner Daniel K. Simmons' Motion to Enforce the Court's Order, ECF No. 6, dated June 20, 2008, and to Grant Judgment on the Pleadings and hold an evidentiary hearing. ECF No. 12. The Respondent filed a response in opposition to Simmons' motion on December 29, 2008. ECF No. 13. Based upon a review of the Court's June 20, 2008 Order, the Respondent's Return of Writ and response dated December 29, 2008, ECF No. 13, the Court orders Respondent to brief the merits of Simmons' claim in Ground Twelve. Additionally, Simmons' requests for judgment on the pleadings and an evidentiary hearing are denied.

---

[1] Per Petitioner Simmons' request for clarification, Simmons' case is now assigned to the docket of Magistrate Judge Benita Y. Pearson for the issuance of a report and recommendation.

## I. Relevant Factual and Procedural History

Daniel K. Simmons filed a petition for habeas corpus relief with the Court on May 12, 2008 that contained twelve grounds for relief. ECF No. 1. On June 20, 2008, Magistrate Judge Vecchiarelli issued an Order containing, *inter alia*, specific criteria as to when Respondent, in his answer, shall brief the merits of Simmons' claims. ECF No. 6. One such criterion was that "[i]f the respondent claims the petition is time-barred, he or she also shall brief the merits unless there is United States Supreme Court or Sixth Circuit precedent directly on point in support of his or her statute of limitations argument." ECF No. 6 at 2. Another was, "If Respondent moves to dismiss a ground for relief on procedural default, he or she shall still brief the merits of the claim." ECF No. 6 at 2.

Simmons asserts that Respondent did not follow Magistrate Judge Vecchiarelli's Order when Respondent did not brief the merits of all of his claims. ECF No. 12. Respondent contends that he did comply with the Order and, based upon the arguments put forth in his Return of Writ, did not need to brief the merits of any of Simmons' claims. ECF No. 11. The Court, upon review of the relevant documents, finds that both Simmons and Respondent are partially correct.

## II. Discussion

As an initial matter, Respondent, in his Return of Writ, asserts that "Grounds One through Eleven (except Five)," are untimely and supports this argument with United States Supreme Court and Sixth Circuit precedent. ECF No. 11 at 21. Thus, pursuant to Magistrate Judge Vecchiarelli's Order, Respondent is not required to brief the merits of the claims in

Grounds One through Eleven.

Regarding Simmons' Ground Five, the Respondent asserts that "Ground Five is not subject to review by this federal habeas court" because it is not cognizable. ECF No. 11 at 27. Magistrate Judge Vecchiarelli's Order is silent with respect to briefing the merits of a claim that the Respondent asserts as noncognizable. Thus, Respondent does not need to brief the merits of the claim in Ground Five.

That leaves the claim in Ground Twelve as matter of dispute between Simmons and Respondent as to whether the merits should be briefed. Respondent claims in his response to Simmons' motion that "Respondent did argue [in his Return of Writ] that all of Petitioner's claims were time-barred, except Ground Five . . . ." ECF No. 13 at 2. (Emphasis added). After a careful reading of Respondent's Return of Writ, the Court disagrees.

Respondent's heading for "ARGUMENT I" in his Return of Writ reads, "SIMMONS' PETITION IS TIMELY ONLY WITH RESPECT TO CLAIMS, IF ANY, IN REGARD TO HIS CURRENT SENTENCE.  ALL CLAIMS PERTAINING TO HIS TWO CONVICTIONS ARE TIME BARRED." ECF No. 11 at 18. Respondent, pursuant to this heading, acknowledges that a claim is timely if the claim is in regards to Simmons' current sentence. Later in the Return of Writ, Respondent essentially states that Simmons' Ground Twelve challenges his current sentence. In reference to Ground Twelve, Respondent states, "To the extent Simmons may be challenging his current sentence, as his two previous sentences have been voided and are no longer subject to challenge . . . ." ECF No. 11 at 26. The Court cannot reconcile this statement to mean anything except that Respondent asserts that Ground Twelve challenges Simmons'

current sentence. In further support of this, Respondent states, "His claims in Grounds One through Eleven (except Five) challenge either his first trial court conviction . . . or his convictions in his second trial . . . ." ECF No. 11 at 24. Here, Respondent excludes Ground Twelve from his description of claims pertaining to Simmons' first or second convictions.

Furthermore, Respondent's argument that Simmons' Petition is time-barred fails to mention or make reference to Ground Twelve. In concluding the time-barred argument, Respondent specifically states, "Simmons' claims in Grounds One through Eleven (except Five) are therefore not properly before this federal court because those claims present a challenge to his conviction and the final date for filing a federal petition was August 15, 2007." ECF No. 11 at 21. (Emphasis added). Here again, Ground Twelve is excluded from the time-barred argument and the description of which grounds are time-barred. Throughout the entire Return of Writ, the only instance wherein Respondent mentions Ground Twelve is in "ARGUMENT II," which discusses procedural default. *See* ECF No. 11 at 22-27. In fact, Respondent isolates and discusses separately Ground Twelve's procedural default status from the analysis that Simmons' other grounds are procedurally defaulted.

### III. Conclusion

For the reasons stated above, Simmons' Motion is granted, in part, and denied, in part. Simmons' requests for an evidentiary hearing and judgment on the pleadings are denied. Respondent is ordered to brief the merits of Ground Twelve by March 16, 2009. Petitioner Simmons' will have until March 30, 2009, to respond to Respondent's brief on the merits of the

claim in Ground Twelve. Petitioner is ordered to confine his response only to the arguments raised by Respondent in regards to the claim in Ground Twelve.

    IT IS SO ORDERED.

Dated: February 24, 2009                      */s/ Benita Y. Pearson*
                                                  United States Magistrate Judge