UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL K. SIMMONS, | ) | CASE NO. 1:08CV1166 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| RICH GANSHEIMER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge[1] Benita Pearson recommending that the habeas petition be denied and the case dismissed. (Doc. No. 21.) Petitioner has filed objections to the R&R. (Doc. No. 23.) Respondent filed no response to the objections. The Court has conducted its *de novo* review of the matters raised in the objections. Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the objections are rejected, the R&R is accepted, and this matter is dismissed.

## I. BACKGROUND

Petitioner was convicted in two separate criminal proceedings in State court. In the first, Case No. 03-CR-523, he was found guilty of operating a vehicle while under the influence of alcohol. He was sentenced to five years incarceration and ordered to pay an $800 fine. His driver's license was suspended for life. (Return of Writ ["Return"], Ex. 3.) In the second, Case No. 04-CR-149, although charged in a four-count indictment, he was found guilty

---

[1] After issuing this R&R, Magistrate Judge Pearson was elevated to the position of district judge.

on only three counts: abduction, kidnapping, and driving without a valid license. He was sentenced to four years incarceration for abduction, eight years for kidnapping, and six months for driving without a license. All three sentences were to be served concurrent with each other, but consecutive to the sentence imposed in the first case. (Return, Ex. 14.) In each of these two cases, Simmons was represented by different trial counsel.

Simmons, with the assistance of counsel, appealed in both cases. In the first appeal, brought by his trial counsel on August 5, 2004, he assigned the following errors.

1. The trial court erred to the prejudice of Daniel Simmons by overruling the motion to suppress evidence[.]

2. Dan Simmons' sentence of five (5) years in prison violates the jury trial clause of the Sixth Amendment and the corresponding provision of the Ohio Constitution.

3. The maximum sentence for one conviction, irrespective of *Blakely*, is contrary to law.

4. The trial court abused its discretion in allowing a witness to testify about Simmons' prior felony conviction for DUI.

5. The verdict is against the manifest weight of the evidence.

(Return, Ex. 5.)

In the second appeal, brought by new counsel on September 20, 2004, he also assigned five errors.

1. The trial court violated the defendant-appellant's Constitutional right to due process as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 5 and 10, Article I of the Ohio Constitution when the trial judge demonstrated unreasonable judicial bias.

2. The trial court violated the defendant-appellant's Constitutional right of self-representation as guaranteed by the Sixth and Fourteenth Amendments to the United States constitution and Section 10, Article I of the Ohio Constitution.

2

    3.      The trial court erred to the prejudice of the defendant-appellant in denying his motion for acquittal made pursuant to Crim. R. 29(A).

    4.      The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.

    5.      The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's State and Federal Constitutional rights to trial by jury.

(Return, Ex.16.) The State court of appeals affirmed the trial court's judgment in the first case on December 19, 2005 (Return, Ex. 7)[2] and in the second case on December 27, 2005 (Return, Ex. 18).

Through new counsel (but the same in both appeals), Simmons filed appeals to the Ohio Supreme Court, the first on February 2, 2006 and the second on February 7, 2006. (Return, Exs. 9, 19.) He raised an identical proposition of law in both: "A trial court that imposes a sentence by using factors which are not found by a jury or admitted by the defendant violates the defendant's rights to due process and a jury trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (Return, Exs. 10, 20.) The Ohio Supreme Court ruled on May 17, 2006, reversing the judgments in both cases and remanding for resentencing consistent with *State v. Foster*, 109 Ohio St.3d 1 (2006). (Return, Exs. 12, 22.)

On June 6, 2006, the trial court resentenced Simmons in both cases to the very same terms that were originally imposed. He appealed in two separate appeals, represented by the same counsel. In a combined brief, he assigned the following errors:

    1.      The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.

---

[2] A motion to reconsider was overruled on February 10, 2006. (Return, Ex. 8.)

2. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms in violation of defendant-appellant's right to due process.

3. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under *Foster*, which was an act in violation of the principle of separation of powers.

4. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the rule of lenity.

5. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the intent of the Ohio legislatures.

(Return, Ex. 26.) On March 26, 2007, the State court of appeals affirmed both new sentences. (Return, Ex. 28.)

Simmons, through the same counsel, filed an appeal to the Ohio Supreme Court raising five propositions of law:

1. A trial court violates an individual's rights under Due Process and the Ex Post Facto Clauses of the Ohio and United States Constitutions when it sentences the individual to more-than-the-minimum, maximum and consecutive prison terms that were not available to the court at the time the individual committed the offense.

2. A trial court violates and [sic] individual's rights to Due Process when it sentences the individual to more-then-the-minimum [sic], consecutive and maximum prison terms with no additional findings made by a jury and when the individual had no actual or constructive notice of possible sentences.

3. A trial court violates the principle of separation of powers provided in the United States and Ohio Constitution by sentencing an individual to more-than-the-minimum, consecutive and maximum prison terms base on this Court's severance of the offending statute provisions under *Foster*.

    4.    A trial court violates the Rule of Lenity when it imposes more-than-the-minimum, maximum and consecutive prison terms upon an individual where the Rule of Lenity dictated a lesser penalty.

    5.    A trial court's decision to sentence an individual to more-than-the-minimum, maximum and consecutive prison terms is contrary to the intent of the Ohio legislature who drafted sentencing provisions with the clear intent of limiting judicial discretion to impose such sentences.

(Return, Ex. 30.) On July 25, 2007, the Ohio Supreme Court denied leave to appeal for lack of a substantial constitutional question. (Return, Ex. 32.) Simmons took no further appeal to the United States Supreme Court.

On September 19, 2006, proceeding *pro se*, Simmons filed a petition for post-conviction relief regarding his first trial. (Return, Ex. 33.) The petition was stricken because it did not contain a certificate of service. (Return, Ex. 34.) Simmons refiled on November 1, 2006, raising the following grounds for relief: conduct "raising [sic] to a level of a structural defect," including: "1) denial of fair and impartial trial judge, 2) denial of effective assistance of counel, 3) denial of substantial rights to self representation at the critical stage of the proceeding, and 4) presentation of an admission of perjureous [sic] testimony by a Law Enforcement officer." (Return, Ex. 35.) This petition was rejected as untimely. (Return, Ex. 37.)

On December 8, 2006, he filed a *pro se* petition for post-conviction relief regarding his second trial. He raised two grounds: "1) Fourteenth and Sixth Amendment violation of jury misconduct and ineffective assistance of counsel and 2) Denial of impartial judge and possible operative facts dehors the record." (Return, Ex. 38.) That, too, was denied as untimely. (Return, Ex. 39.)

Simmons filed notices of appeal on December 15 and December 29, 2006. In a joint brief he asserted the following assignments of error:

5

1. The trial court erred in denying appellant an evidentiary hearing in violation of his 14th Amendment due process right to [sic] the United States Constitution and ORC Section 2953.21(c) and *State v. Stevens*, 48 Ohio App. 2d 6, 387 N.E.2d 654 and *State ex rel. v. McMonangle*, 67 Ohio St.3d [sic] 450 N.E.2d 1017.

2. Defendant-petitioner's constitutional rights under the Fifth, Sixth and Fourteenth amendment and Ohio Constitution were violated where petitioner was convicted on an indictment returned by an improperly selected grand jury and trial counsel failed to challenge the equal protection and due process violations.

3. Petitioner was denied due process and equal protection of the law where he was denied the right to an impartial judge in violation of the 14th Amendment to the United States Constitution.

4. The trial court erred to the prejudice of the petitioner in violation of his due process when it failed to declare a mistrial or disqualification on the grounds of jury misconduct and trial counsel was ineffective for failing to requests [sic] a mistrial in violation of the 6th and 14th Amendment of the United States Constitution.

5. Petitioner was denied a fair trial by the presentation of perjured testimony by the state and a denial of effective assistance of counsel for failing to investigate through discovery this false evidence in violation of the 6th and 14th Amendment of the United States Constitution.

6. Petitioner was denied his constitutional right to self representation at the critical stage of the proceeding in violation of the 6th and 14th Amendment to the United States Constitution.

(Return, Ex. 45.) On September 26, 2007, the State court of appeals dismissed both appeals as moot due to the untimely filing of his petitions. (Return, Ex. 51.) A motion for reconsideration was also denied on November 8, 2007. (Return, Ex. 54.)

A joint notice of appeal to the Ohio Supreme Court, filed *pro se* on November 9, 2007. Ten propositions of law were raised:

1. The Court of Appels [sic] erred in dismissing postconviction appeals based on Procedural Default (untimeliness) without reviewing Substantial Constitutional issues in violation of Article 1, Section 16 of Ohio and the 14th Amendment to the United States Constitution.

2. The trial court erred in denying appellant an Evidentiary Hearing in violation of the 14th Amendment to the United States Constitution, O.R.C. Section 2953.21(C) & *State v. Stevens*, 58 Ohio App. 2d 6, 387 N.E. 2d 1017, Right to Due Process.

3. Defendant-Petitioner's Constitutional rights under the Fifth, Sixth and Fourteent [sic] Amendment's and Ohio Constitution were violated where petitioner was convicted on an indictment returned by an improperly selected Grand Jury and trial counsel failed to challenge the Equal Protection and Due Process violation.

4. Petitioner was denied Due Process and Equal Protection of law where he was denied right to an impartial judge in violation of the 6th and 14th Amendment to the United States Constitution.

5. The trial court erred to the prejudice of the petitioner in violation of his due .process when it failed to declare a mistrial or disqualification on the grand jury misconsuct [sic] and trial counsel was ineffective for failing to request a mistrial in violation of petitioner's sixth and fourteenth amendment rights under the United States Constitution.

6. Mr. Simmons was denied effective assistance of counsel when trial counsel failes [sic] to move for mistrial on the grounds of jury misconduct in violation of the sixth and fourteenth amendments to the U.S. Constitution.

7. Petitioner was denied a fair trial by the presentation of perjured testimony by the state and denial of effective assistance for failing to investigate through discovery these issues in violation of the 6th and 14th Amendments to the United States Constitution.

8. Petitioner was denied his Constitutional right to Self-Representation at the critical stage of the proceeding in violation of the Sixth and Fourteenth Amendments to the United States Constitution and article 1 section 10 of the Ohio Constitution.

9. Mr. Simmons was denied Due Process and Equal Protection Clause of the United States Constitution where the trial court failed to preserve the record for Appellate review in violation of the 14th Amendment.

10. Mr. Simmons' Constitutional Rights under the 14th Amendment to the United States Constitution were violated where the trial court imposed a prison sentence that is dispoportional [sic] to similar crimes commited by similar offenders and R.C. 2929.11(B).

(Return, Ex. 56.) That appeal was denied on February 6, 2008 for lack of a substantial constitutional question. (Return, Ex. 58.)

On May 12, 2008, Simmons filed the instant *pro se* petition for writ of habeas corpus. He asserted twelve grounds for relief:

1. Denial of Self-Representation

   [Supporting Facts: The trial court ordered appellant to sit down while appellant was addressing the jury during closing arguments.]

2. Jury Tampering - ex-parta [sic] communication and grand jury misconduct - discrimination.

   [Supporting Facts: The State key witness prior to jury deliberations had ex-parta [sic] contact - conversation with one of the jurors about the outcome of the case. Unlawful grand jury selection based on racial discrimination.]

3. Perjury

   [Supporting Facts: The State witness willingly misrepresented facts to the jury by testifying falsely about the scene or location of the proported [sic] crime.]

4. Ineffective assistance of counsel

   [Supporting Facts: Trial counsel counsel [sic] constructively denied assistance of counsel. Counsel failed to subject the State's case into a serious advisarial [sic] testing by failing to challenge the issues raised in A-B-C, and others in the foregoing. (Additional issues are incorporated in the Memorandum in Support.]

5. Petitioner Simmons had a right to an evidentiary hearing in his petition for post-conviction relief.

6. Petitioner Simmons' constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated where petitioner was convicted on indictments returned by an improperly selected grand jury on racial discrimination and ineffective assistance of counsel.

7. Petitioner Simmons was denied due process and equal protection of the law where he was denied of [sic] his rights to an impartial tribunal in

        violation of the Sixth and Fourteenth Amendments of the United States Constitution.

8.     The petitioner was denied of [sic] due process in violation of the Sixth and Fourteenth Amendment's [sic] to the United States Constitution where the trial court' failed to declare a mistrial or disqualification of petit juror on misconduct and ineffective assistance of trial counsel for failing to request a mistrial.[3]

9.     Petitioner was denied a fair trial by the presentation of perjured testimony by the State and a denial of effective assistance of counsel for failing to investigate through discovery these issues in violation of the 6th and 14th Amendments to the United States Constitution.

10.     Petitioner was denied his constitutional right to self-representation at the critical stage of the proceeding in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Section 10 of the Ohio Constitution.

11.     Mr. Simmons was denied due process and equal protection clause [sic] of the United States Constitution where the trial court failed to preserve the record for appellate review in violation of the 14th Amendment.

12.     Mr. Simmons' constitutional rights under the 14th Amendment to the United States Constitution were violated where the trial court imposed a prison sentence that is disproportional to similar crimes committed by similar offenders and R.C. 2929.11(B).

## II. DISCUSSION

**A.    Standard of Review**

        Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." This *de novo* review requires the Court to apply the provisions of 28 U.S.C. § 2254(d), as amended by the

---

[3] The petition appears to raise a duplicate claim as follows: "Mr. Simmons was denied effective assistance of counsel when trial counsel failed to move for mistrial on the grounds of jury misconduct in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution." (Doc. No. 1-1 at 28.)

Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") and the cases construing the amendments.

Title 28, Section 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained these provisions as follows:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 412-13.

This Court may not, however, consider "contentions of federal law which are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainright v. Sykes*, 433 U.S. 72, 87 (1977). If a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

10

failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000) (citations omitted).

If a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective assistance claim must itself be presented to the state courts as an independent claim before it may be used to establish cause. *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986). If the ineffective assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can only be used as cause for the underlying defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000).

**B.     The R&R**

The R&R concludes that Grounds One through Four and Six through Twelve are procedurally defaulted and Ground Five is not cognizable in a federal habeas proceeding. It therefore recommends that the habeas petition be dismissed.[4]

---

[4] The R&R also addresses respondent's assertion that this petition is time-barred by the one-year statute of limitations contained in 28 U.S.C. § 2254(d)(1) with respect to any grounds relating to Simmons's two convictions but not with respect to his current sentence. It points out the divergence of opinion among federal courts as to when a judgment becomes final for appellate purposes in cases of resentencing. It cites *Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007), which adopted a claim-by-claim approach under which the beginning of the one-year period is based on the content of a petitioner's claim. Under *Bachman*, in resentencing circumstances, the one-year period for the underlying conviction starts to run earlier than the one-year period for the resentence. However, as pointed out by the R&R, *Bachman* did not cite the earlier Supreme Court case of *Burton v. Stewart*, 549 U.S. 147 (2007), which held that, since the sentence is the judgment, the one-year period for the underlying conviction does not begin to run until the resentencing is also final. The R&R points out that several courts in the Sixth Circuit have questioned *Bachman*'s precedential value in light of *Burton*.

Petitioner argues in his objections that the R&R incorrectly concluded that his grounds are time-barred. In fact, the R&R determines that it need not resolve the tension between *Bachman* and *Burton* because eleven of the grounds are procedurally defaulted and the remaining one is not cognizable in a habeas proceeding. However, the R&R notes that, were the issue determinative, it would recommend overruling respondent's statute of limitations argument in light of *Burton*. (*See* Doc. No. 21 at 16, n.8.) This Court concludes that it need not make that determination given other legitimate grounds for rejecting the habeas petition.

## C. Analysis of Petitioner's Objections to the R&R

Petitioner has filed objections[5] wherein he asserts, *inter alia*, that he "respectfully object[s] to [the] R&R in its entirety." (Doc. No. 23 at 2.)[6] He points to his Traverse (Doc. No. 15) and, in particular, to "a-4-paragraphs sworn affidavit of statutory tolling of the Statute of Limitation" which purportedly accompanied the Traverse and served to address the respondent's argument in the Return of Writ that all of this claims were procedurally barred. Petitioner claims that this affidavit attests to the fact that he is not a lawyer, that he was incarcerated at all material times (which made it difficult to discover errors and consult with a lawyer), and that he would have filed his post-conviction petition in State court earlier had he been aware of the constitutional violations.

Petitioner is mistaken that this affidavit accompanied the Traverse. In fact, it was filed on May 12, 2008 along with the Petition as support for why the one-year statute of limitations in AEDPA should be tolled. It was not referring to the untimely filing of the State post-conviction petition but, rather, the instant petition. The Court finds no merit in this objection and overrules it.

---

[5] The objections are not enumerated in any clear fashion but are contained in narrative and argument. Despite the lack of specificity, the Court has combed through the Objections to ascertain the exact nature of petitioner's arguments, notwithstanding the fact that it has no duty to do so. *See*, note 6, *infra.*

[6] This Court has an obligation to give *de novo* review only to matters "properly objected to." Rule 72(b)(3); *see, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."); *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("a party that wishes to preserve its objection must [...] pinpoint the specific findings that the party disagrees with"); *Renelique v. Doe*, No. 99-10425, 2003 WL 23023771, at * 1 (S.D.N.Y. Dec. 29, 2003) ("when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.").

Petitioner next objects as follows:

> The R&R also adopted Respondent's claims that Simmons['] failure to raise his habeas claims in the State direct appeals rendered the claims procedurally defaulted, where the R&R contain [n]o consideration on Simmons' "Fair Presentation" analysis; [n]o consideration to Simmons['] "Cause and Prejudice" argument; [n]o consideration to "Structural Error" standard of review; and completely overlooked exception to procedural default application based upon Simmons['] actual innocence claim asserted for relief.

(Doc. No. 23 at 2.)

The R&R does address the concepts of "fair presentation" and "cause and prejudice" in its discussion of procedural default. The R&R concludes that, because Simmons failed to timely present virtually all of his grounds in the same form to the State courts for review, they are procedurally defaulted and he is unable to show cause for the default and prejudice resulting from any error. (*See*, Doc. No. 21 at 16, *et seq*.) Simmons argues in his objections that he has established cause and prejudice because "at all material times [he] was incarcerated in the prison facility where access to legal material is very limited and [there is] no person trained in the law to assist[.]" (Doc. No. 23 at 14.) However, this completely ignores the fact that Simmons was represented by counsel during his direct appeals. He also argues that the State courts were given an opportunity to consider his claims but they "preferr[ed] instead to rely upon some procedural ground to deny relief[.]." (*Id*. at 15.) He relies on *Smith v. Digmon*, 434 U.S. 332 (1978), where the Supreme Court held that "whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised[.]" 434 U.S. at 332. Clearly *Digmon* does not apply. The State appellate court here did not ignore anything; it ruled on the issues raised on direct appeal and it properly determined that the post-conviction matters were

procedurally defaulted, eliminating any requirement to examine grounds raised in those proceedings.[7]

As for "actual innocence," that is addressed in the section on "Fundamental Miscarriage of Justice" (*id.* at 25) where the R&R concludes that "[w]hile Simmons does assert his innocence (ECF No. 15 at 5), this claim is insufficient because it lacks any new reliable evidence to support his declaration." (Doc. No. 21 at 25, citing *Schlup v. Delo*, 513 U.S. 298 (1995).) The R&R is correct on this issue.

Finally, although the R&R did not specifically address Simmons' claim of "structural error," it did not need to because it found that the only ground where Simmons raised that argument in his petition was procedurally defaulted. This is a correct conclusion. In Ground Six, Simmons asserts that constitutional error was committed when he was convicted on indictments returned by an improperly selected grand jury.[8] However, this ground, which could have been raised on direct appeal, was not raised either before the State court of appeals or the Ohio Supreme Court. Nor was it raised in the post-conviction petitions, which were also defaulted because they were untimely. It was raised for the first time on appeal from the denial of his untimely post-conviction petitions. Both the court of appeals and the Ohio Supreme Court rejected the appeals on the ground of untimeliness.

Simmons objects to the R&R's conclusion that his grounds are procedurally defaulted. He argues that the R&R reaches that conclusion "without considering on the merit[s]."

---

[7] Simmons also relies on *Carter v. Bell*, 218 F.3d 581 (6th Cir. 2000). However, he does not cite to any particular page of the opinion and this Court can discern no reason why he cited it as authority.

[8] In his memorandum in support of his habeas petition, Simmons argues that blacks were deliberately excluded from the grand jury pool and his counsel was ineffective for failing to investigate and object. Although his objections suggest other "structural errors" (namely, perjury, an impartial tribunal, denial of self-representation, and unequal treatment in sentencing) these matters are not argued as structural errors in his petition.

(Doc. No. 23 at 11.) Of course, that is the whole point of procedural default--a petitioner forfeits the right to federal habeas review on the merits of matters not properly presented to the State courts.

Simmons also asserts that where a State court denies relief in a summary fashion, the federal court must determine whether the decision rested on "adequate and independent" state grounds. (Doc. No. 23 at 12.) The order dismissing Simmons' post-conviction petition clearly relies on O.R.C. §2953.21(A)(2) to determine that the petition was not timely filed. This is an adequate and independent state ground and the order, although short, was not summary. The court of appeals issued an 11-page opinion affirming the dismissal of the post-conviction petition on the ground that it had not been timely filed. That, too, is not a summary opinion. Although the Ohio Supreme Court dismissed the appeal as not involving a substantial constitutional question, this ruling must be presumed to rest upon the same procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

Petitioner has not challenged the R&R's conclusion that Ground 5 is not cognizable in a habeas proceeding.

The Court finds no merit in any of petitioner's objections.

## III. CONCLUSION

For the reasons set forth above, having conducted the required *de novo* review, the Court rejects petitioner's objections to the R&R. The R&R is accepted and this case will be dismissed by separate judgment entry.

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Dated: June 16, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**